# United States District Court

### for the
### Western District of New York

**United States of America**

v.

**LAYTON LOVE**

_____

_Defendant_

Case No. 26-mj- 119

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### COUNT 1

On or about May 18, 2026, in the Western District of New York and elsewhere, the defendant, **LAYTON LOVE**, did knowingly and willfully transmit in interstate commerce, a text message via AT&T, a wireless communications service provider, that contained threats to injure Victim #1.

**All in violation of Title 18, United States Code, Section 875(c).**

This Criminal Complaint is based on these facts:

☒   Continued on the attached sheet.

_____
_Complainant's signature_

THOMAS CASTLE
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

_____
_Printed name and title_

Sworn to and signed telephonically.

Date: <u>May 28, 2026</u>

H. Kenneth Schroeder, Jr.
_____
_Judge's signature_
HONORABLE H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE
_Printed name and title_

City and State:  <u>Buffalo, New York</u>

**AFFIDAVIT**

STATE OF NEW YORK   )
COUNTY OF ERIE      )
                    SS:
CITY OF BUFFALO     )

**Thomas Castle**, a Special Agent of the Federal Bureau of Investigation, United States Department of Justice, Buffalo, New York, being duly sworn, and states the following:

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI"), United States Department of Justice. As such, I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2.      I have served as an FBI Special Agent since January of 2019. During that time, I have participated in investigations involving human, drug, and weapons trafficking, neighborhood-based street gangs, organized crime matters, and violent crimes including investigations that utilized the execution of arrest warrants of persons and search warrants on residences and vehicles. Over the course of those investigations, I have conducted interviews of witnesses and subjects, supervised and handled confidential informants, participated in and supervised physical and electronic surveillance, utilized pen registers and trap and trace devices, executed search and arrest warrants, and conducted consensually recorded telephone

calls between confidential informants and subjects. In addition, I have had the opportunity to work with other FBI Special Agents and other law enforcement agents and officers of varying experience levels. My investigative experience detailed herein, and the experience of other law enforcement agents who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein.

3.    Your Affiant states that this investigation was conducted by FBI Special Agents and other law enforcement personnel assigned to the FBI Buffalo Division – Safe Streets Task Force ("SSTF"), and the Cattaraugus County Sheriff's Office ("CCSO"). This affidavit is based upon your affiant's personal knowledge, information provided by other law enforcement personnel, and evidence obtained during this investigation. It is submitted for the limited purpose of establishing probable cause, and, as such, I have not included details of every aspect of this investigation.

4.    As a result of working this case with other Special Agents and Task Force Officers of the FBI, the CCSO, and other law enforcement agencies, I am familiar with the circumstances of the offenses described in this Affidavit.

5.    Your affiant makes this affidavit in support of a criminal complaint charging **LAYTON LOVE ("LOVE")** with violating Title 18, United States Code, Section 875(c) (Interstate Communication of a Threat) (the "Target Offense"), via his telephone number, **(864) 966-9140**.

6.    I have set forth only the facts that I believe are necessary to establish probable cause for the requested criminal complaint, I have not presented all the facts of this investigation to date. Rather, I have set forth sufficient information to establish probable cause for the requested complaint.

**PROBABLE CAUSE**

7.    The FBI-SSTF was contacted by the CCSO regarding threatening text messages sent from **(864) 966-9140** on May 18, 2026, to the cellular telephone number of Victim 1, a detective with the CCSO. The text message stated as follows:

> You and your family are going to die soon! I will personally do the job if necessary. Death to the weaponized government means death to the weaponized government literally, [VICTIM 1] you are living on borrowed time. The home you own on [REDACTED]… is a legitimate target and will be hit at a time and place of my choosing. Prepare to die, [VICTIM 1], and everyone you hold dear. Your terrorist regime will burn.[1]

The telephone number from which Victim 1 received this text message, **(864) 966-9140,** is the telephone number Victim 1 previously communicated with **LOVE** over. Additionally, open-source database checks indicated **LOVE** as the user of **(864) 966-9140**. At the time Victim 1 received the above text message, Victim 1 was located in the Western District of New York.

8.    On May 21, 2026, an arrest warrant was issued in State of New York, County of Cattaraugus, Town of Little Valley, charging **LOVE** with Making a Terroristic Threat, in violation of NYS Penal Law 490.20, a class D Felony, and Aggravated Harassment in the

---

[1] For purposes of victim safety, your Affiant has redacted Victim 1's name and the street name from the text message.

Second Degree, in violation of NYS Penal Law 240.30, a Class A Misdemeanor. I am also aware that later on the same date, **LOVE** was located, arrested, and placed into custody by the Pennsylvania State Police at his parents' residence, 1050 Fowler Brook Rd. Eldred, PA. At this time, **LOVE** was transported to the Pennsylvania State Police Barracks–Lewis Run, located at 130 Airport Rd. Lewis Run, PA 16738.

9.    While in custody and on the same date, May 21, 2026, **LOVE** was interviewed by Special Agents of the FBI regarding the threats he made to Victim 1. Your Affiant read **LOVE** his *Miranda* Warnings and **LOVE** signed a form indicating that he understood his warnings and wished to speak with Agents at approximately 21:15 hours on May 21, 2026. **LOVE** indicated that he previously tried to provide intelligence to Victim 1, whom he knew to be a Sheriff's Deputy in Cattaraugus County focusing on drug investigations. **LOVE** believed that he provided intelligence to Victim 1 regarding jihadist activities and narcotics dealers and expressed frustration that Victim 1 would not call **LOVE** back. **LOVE** then indicated that he began to search for Victim 1 on the internet, where he located Victim 1 on Facebook and Google, and he was able to obtain her personal cell phone number and residential address. **LOVE** told the FBI agents that he possessed Victim 1's personal cell phone number and located it inside his telephone under the legal name of Victim 1 and showed the number associated with Victim 1. Agents confirmed this to be the cell phone number for Victim 1. Agents then asked **LOVE** for his telephone number, which he provided as "(864) 966-9160," which he advised he possessed for several years and was his only telephone number. **LOVE** then showed the agents communications between himself and Victim 1, specifically, a long text message thread, which encompassed dozens of text

messages from **LOVE** to Victim 1, most of which Victim 1 did not respond to. Agents witnessed the above threatening text message, referenced in ¶ 7, from May 18, 2026, inside **LOVE's** phone.

10.    **LOVE** was asked by Agents about the message referenced in ¶ 7 and why he would send that to Victim 1. **LOVE** indicated that he was "pissed off" the other night and he thought that the text message would get Victim 1 to do something about his information and make Victim 1 uphold Victim 1's duty as a law enforcement officer. **LOVE** then told Agents, "If it gets me in trouble, so be it." **LOVE** also alerted, "I did it, if that makes me guilty whatever." **LOVE** indicated that he copied the death threat that "Tulsi Gabbard" had previously received and that he just changed it a little bit, but that it was the same threat. When asked by Agents if **LOVE** thought the message was inappropriate, he responded, "I might've pushed the envelope" and "Yeah, it probably wasn't appropriate," however, he denied regretting sending the message as he did not believe Victim 1 had properly acted on the tips he had provided. **LOVE** also repeatedly said that he had lived through traumatic events, so Victim 1 should have to as well.  **LOVE** indicated that he had no intention to ever harm Victim 1, just that he wanted to get Victim 1 to listen to him.

11.    As an Agent with the FBI, I have been involved in hundreds of cases involving cellular telephones and their ability to make/receive calls, send/receive text messages, and utilize other applications for communications involving criminal actors. I have been involved in dozens of Title III investigations where cellular phones have been wiretapped by law enforcement officers to intercept cellular telephone calls and text messages. I am aware that

5

these communications often involve several electronic devices to communicate with one another at any given time and that these communications often take place with parties from different states and even countries. I am aware that the telephone number utilized by **LOVE**— **(864) 966-9140**—is a mobile telephone that is serviced through AT&T. I am also aware that AT&T is headquartered in the Dallas, TX, region and not the State of New York. Therefore, in my training and experience, I am aware that the text message referenced in ¶ 7 was transmitted in, and affected, interstate commerce.

## **CONCLUSION**

12.    Based on the facts articulated in this affidavit, I submit that probable cause exists to believe that on or about May 18, 2026, **LAYTON LOVE** violated the Target Offense.

_____
Thomas Castle
Special Agent
Federal Bureau of Investigation

Sworn to telephonically
This 28th day of May, 2026.

_H. Kenneth Schroeder, Jr._
_____
HONORABLE H. KENNETH SCHROEDER, JR.
United States Magistrate Judge